■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTHA GARRIS, Also known as MARTHA O'NEAL, and JOHNNIE GARIS, Appellants.— Appeals by defendants from two judgments (one as to each of them) of the

County Court, Suffolk County, both rendered April 25, 1975, (1) the first convicting defendant Martha Garris of kidnapping in the second degree (five counts), unlawful imprisonment in the first degree (five counts), conspiracy in the second degree, and endangering the welfare of an incompetent person, upon a jury verdict, and imposing sentence, and (2) the second convicting defendant Johnnie Garris of kidnapping in the second degree (one count), unlawful imprisonment in the first degree (five counts), conspiracy in the second degree, and endangering the welfare of an incompetent person, upon a jury verdict, and imposing sentence. Judgments reversed, on the law and the facts, and indictments dismissed. The evidence adduced at the trial was not legally sufficient to establish defendants' guilt of the crimes for which they were convicted and the verdict was against the weight of the evidence (see CPL 470.15, subd 4, par [b]; 470.15, subd 5). The evidence established that the whereabouts of the complainants, the alleged victims, was known to the Departments of Social Services of both Suffolk and Essex Counties, that the complainants were often seen in the Port Kent community and that two of the complainants wrote letters to relatives and to a caseworker and one was accompanied to town to make job applications. No evidence was adduced to prove that defendants prevented the liberation of the complainants, or that they used or threatened to use deadly physical force, so as to make out kidnapping in the second degree (see Penal Law, §§ 135.20, 135.00, subd 2). Nor did the evidence show that any of the complainants was intentionally and unlawfully deprived of his liberty (see Penal Law, §§ 135.10, 135.00, subd 1). The doctor who heads the research division at Central Islip Hospital, from which four of the five complainants had been discharged, testified, for the prosecution, that the complainants were people who required care and supervision, that they had poor judgment (either because of alcoholism, psychiatric disorders or low intelligence quotients, sometimes in combination), and that they were frequently obstreperous. This testimony, combined with the testimony of the complainants themselves, made out, at the most, that a different type of care and supervision might be required. It does not establish that defendants conspired to kidnap or imprison the complainants or to otherwise maltreat them. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.